IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES,

        Plaintiff,                   No. CR-S-05-290 WBS

   vs.

DAVID QUINONES JIMENEZ, et al.,

        Defendants.            ORDER

_____/

        Defendant David Quinones Jimenez's motion for reconsideration of this court's detention order[1] came on regularly for hearing July 20, 2005. Assistant United States Attorney Philip Ferrari appeared for plaintiff. Kimberly Urie appeared for defendant. Upon review of the documents in support and opposition, including the supplemental briefing filed after hearing, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Defendant made his initial appearance in custody in response to a criminal

---

[1] While styled as a "motion for reconsideration," defendant's motion is properly one for a reopening of the detention hearing and bail review. The government did not oppose reopening of the hearing in light of defense counsel's representation that she now has identified assets available to secure a bond. Once a detention hearing is reopened, it is this court's position that the hearing is reopened for all purposes.

1

complaint on July 7, 2005. At his counsel's request, a full detention hearing was first continued to July 12, 2005, and then further continued until July 14, 2005; pending a full hearing, defendant was ordered temporarily detained. On July 14, 2005, following the hearing, defendant was ordered detained under 18 U.S.C. §§ 3142(e) and (i), based on the court's determination that by a preponderance of the evidence no condition or combination of conditions will reasonably assure the appearance of the defendant as required at future hearings. The written detention order made findings to support the detention on flight risk grounds, including: the nature of the charges under 21 U.S.C. §§ 841 and 846, creating a rebuttable presumption of flight risk not overcome; the defendant's lack of known financial resources to support a secured bond; the defendant's regular travel to and from Mexico and family members in Mexico; and the lodging of an immigration hold against defendant given his apparent illegal entry into this country and his lack of a valid work permit, despite reported efforts to obtain such a permit.

      Defendant argues he is entitled to seek release notwithstanding the filing of the immigration hold against him, with primary citation to <u>United States v. Adomako</u>, 150 F. Supp. 2d 1302 (M.D. Fla. 2001). In seeking release, defendant argues he is entitled to an individualized determination of his eligibility for release, and application of the same statutory standards to him, as an undocumented person, as would be applied to a legal resident. While defendant is correct that he is entitled to an individualized determination and equal treatment under the statutes governing pretrial release or detention, his suggestion that the immigration hold against him can or should be disregarded by this court is not well-taken.

      The <u>Adomako</u> case cited by defendant turns on an application of 18 U.S.C. § 3142(d), in the context of a defendant's complaining of the government's refusal to release him after the court issued a pretrial release order; the government's refusal was based on an immigration hold. In affirming its release order, the court in <u>Adomako</u> opined that "Congress expressly instructs this Court to disregard the laws governing release in INS deportation proceedings when it determines the propriety of release or detention of a deportable alien

pending trial." Adomako, 150 F. Supp. 2d at 1307.  In reaching this conclusion, the Florida court relies on a sentence from § 3142(d), providing that if immigration authorities "fail[] or decline[] to take such person [otherwise subject to a hold] into custody . . ., such person *shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings*." Id. (emphasis in original).  The court in Adomako reads this provision as embodying Congress's "express instruct[ion] to this Court to disregard the laws governing release in INS proceedings when it determines the propriety of release or detention of a deportable alien pending trial." Id. Even so, the court also recognizes that "an alien's INS history. . . is. . . a factor that this Court weighs heavily in the risk of flight analysis under 18 U.S.C. § 3142(g)(3)." Id.

        This court does not read § 3142(d) as expansively as does the court in Adomako. Rather, § 3142(d) provides one alternative basis for detention upon a defendant's initial appearance.  See 18 U.S.C. § 3142(a) (identifying four possible orders to be issued upon a defendant's first appearance, joined by the disjunctive "or")[2]; see also S. Rep. 98-225 (explaining that § 3142(a) requires a judicial officer to pursue "one of four alternative courses of action" when a person charged with an offense first is brought before her).  Specifically, § 3142(d)

---

[2] Section 3142(a) reads, in its entirety:

> Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be –
>
> > (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;
> >
> > (2) released on a condition or combination of conditions under subsection (c) of this section;
> >
> > (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or
> >
> > (4) detained under subsection (e) of this section.

provides the opportunity for the government to request or the court to order a temporary ten-day detention in order for the government to obtain an immigration hold or seek transfer to immigration custody.  See, e.g., United States v. Montalvo-Murillo, 495 U.S. 711, 726 n.8 (1990).

In this case, the government moved for detention on grounds of flight risk and danger, presumably under 18 U.S.C. § 3142(f).[3]  The government did not request temporary ten-day detention under § 3142(d) in order to obtain an immigration hold or seek transfer to immigration custody.  As noted, the court's detention order expressly relies on one of the available alternatives for detention, namely 18 U.S.C. § 3142(e).  See 18 U.S.C. § 3142(a)(4).  In applying subsection (e), the court made an individualized determination as to the risk of defendant's fleeing and his posing a danger to the community.  In making that determination, the court found the presumption of danger was overcome, given defendant's lack of prior criminal record and his significant community ties.  The presumption of flight, however, was not overcome based on a number of factors, of which only one was the immigration hold placed against defendant.[4]  In other words, the court has provided defendant with the process he argues he is due.

In light of defense counsel's representations that defendant is "likely" to receive the work permit he has applied for, and is not likely to be deported, this court has signaled a willingness to consider procedures by which defendant could complete the process for applying for a work permit, while remaining detained pending trial.  Despite the court's invitation, neither defendant nor the government has identified a procedure whereby defendant can complete his

---

[3] While the minutes of the court's hearings do not identify the section under which the government moved, the motion was made on grounds of flight risk and danger.  Implicitly, then, the section relied on was § 3142(f), which provides for a hearing to address such concerns.

[4] Thus this also is not a case such as United States v. Xulam, 84 F.3d 441, 444 (D.C. Cir. 1996), in which the government, without having previously moved for temporary detention under § 3142(d), has later sought to "introduce the specter of a possible deportation through the back door as a principal reason for detention."

application process while in federal detention, such that a risk of nonappearance on the pending charges is not created by release to the custody of immigration officials. Because at this point there is at least a possibility that defendant, if released subject to conditions by this court, will be taken into immigration custody and deported prior to resolution of the charges against him, this court cannot find that the risk of nonappearance in defendant's case is overcome.

   Accordingly, IT IS HEREBY ORDERED that Plaintiff's "motion for reconsideration" is denied.

DATED: August 3, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

jimenez.recon